**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KIRK EDGAR PREST, SR.** | * | |
| | * | |
| **PLAINTIFF,** | * | **CIVIL ACTION NO.** |
| | * | **2:17-cv-03409-BWA-KWR** |
| **VERSUS** | * | |
| | * | |
| **BP EXPLORATION & PRODUCTION** | * | |
| **INC., BP AMERICA PRODUCTION** | * | **JUDGE ASHE** |
| **COMPANY, and BP PLC** | * | |
| | * | **MAGISTRATE** |
| **DEFENDANTS.** | * | **JUDGE ROBY** |
| | * | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively, the "BP Parties") hereby answer Plaintiff's Complaint as follows.  While the BP Parties believe they have no obligation to admit or deny the headings used in the complaint, to the extent any response is required, the BP Parties deny the allegations in the headings.  Any allegation not specifically admitted is denied.

**I. PARTIES**

1. Plaintiff, Kirk Prest, ("Mr. Prest") is a person of the full age of majority and resident domiciliary of the Parish of Jefferson, State of Louisiana.

**ANSWER:** The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

2. Made Defendants herein are:

a) BP Exploration & Production, Inc. ("BP Exploration") a Delaware corporation with its principal place of business in Warrenville, Illinois;

b) BP America Production Company, ("BP America Production"), a Delaware corporation with its principal place of business in Houston, Texas;

1

c) BP P.L.C. ("BP P.L.C.") a British public limited company with its corporate headquarters in London, England.

BP Exploration, BP America Production, and BP P.L.C. are collectively referred to as "BP Defendants."

**ANSWER:** The BP Parties admit that BP Exploration & Production Inc. ("BPXP") is a Delaware corporation. The BP Parties admit that BP America Production Company ("BPAPC") is a Delaware corporation with its principal place of business in Houston, Texas. The BP Parties admit that BP p.l.c. is a British Public Limited Company organized under the laws of England and Wales, which is publicly traded with its corporate headquarters in London, England. The BP Parties deny any remaining allegations of this paragraph.

3. Jurisdiction of this Honorable Court is proper under 28 U.S.C. §1333 as this is an Admiralty and Maritime claim. This matter is governed by the General Maritime Law, the Oil Pollution Act, the Clean Water Act and the applicable state law for supplementation as appropriate.

**ANSWER:** The BP Parties state that this paragraph states legal conclusions to which no response is required. To the extent that a response is required, the BP Parties admit that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1333. The BP Parties deny any remaining allegations of this paragraph.

4. On April 30, 2010, as part of the Vessels of Opportunity Program, Mr. Prest entered into a Master Vessel Charter Agreement with BP America Production Company as Charterer of Mr. Prest's twenty-four (24) foot vessel. Between May 3, 2010 through October 30, 2010, Mr. Prest performed clean-up and response activities associated with the Deepwater Horizon explosion and subsequent oil spill. During the clean-up and response activities, Mr. Prest performed wildlife search and rescue operations, oil search and reporting, Louisiana wildlife upper management media and news reporting operations and transportation, news media reporting, film operations and transportation, wildlife and bird mortality operations, accounting and reporting of exposure results with U.S. fish and wildlife service and Louisiana wildlife and fisheries agencies and monitoring and overseeing bird scare cannons.

**ANSWER:** The BP Parties lack knowledge or information sufficient to form a belief about the allegations of this paragraph, and therefore deny them.

5.  In May of 2010 for three and a half (3 1/2) to four (4) weeks, Mr. Prest performed clean-up and response activities at all Venice areas. During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions. From June, 2010 through October 30, 2010, Mr. Prest performed clean-up and response activities at Grand Isle. During this time, Mr. Prest was exposed to oil, dispersants, hazardous and harmful chemicals, odors and emissions. During the time Mr. Prest was working at Grand Isle, Mr. Prest had to drive his vessel through the Barataria Bay (Grand Lake). During this time, because of the conditions of the Barataria Bay (Grand Lake), Mr. Prest was exposed to additional oil and dispersants, including but not limited to oil and dispersant exposure and intake in his eyes.

**ANSWER:** The BP Parties lack knowledge or information sufficient to form a belief about the

allegations of this paragraph, and therefore deny them.

6.  During the clean-up and response activities, Mr. Prest asked for personal protective equipment and was told that there was no mention of the use of personal protective equipment. Mr. Prest was also told that asking for personal protective equipment could result in losing his clean-up and response activities. Mr. Prest performed all of the above tasks without the necessary protective equipment. The BP Defendants participated in the post-explosion Oil Spill remediation and response efforts. This participation included but was not limited to negligently and/or intentionally spraying and/or directing the spraying of chemical dispersants in the immediate vicinity of clean-up and response workers without warning the clean-up and response workers and/or providing personal protective equipment to the clean-up and response workers.

**ANSWER:** The BP Parties admit that BPXP implemented a regional Oil Spill Response Plan for

the Gulf of Mexico in effect on April 20, 2010, which had been submitted to the U.S. government,

that contained all components specified at the time by the U.S. government, and that such a Plan

was approved by the U.S. government and in effect at the time of the *Deepwater Horizon* incident.

The BP Parties deny any remaining allegations of this paragraph.

7.  After October 30, 2010, Mr. Prest was asked to continue to work on the clean-up and response activities, but was unable to due to the health problems he sustained as a result of performing clean-up and response activities.

**ANSWER:** The BP Parties deny that any of Plaintiff's symptoms resulted from exposure to crude

oil or dispersants.  The BP Parties lack knowledge or information sufficient to form a belief about

any remaining allegations of this paragraph, and therefore deny them.

8. Additionally, the BP Defendants did not warn Mr. Prest of the dangers presented by crude oil and cleaning dispersants. As a result of the considerable amount of time spent by Mr. Prest on clean-up and response activities without the necessary protective PPE, Mr. Prest was unnecessary [sic] exposed to toxins through inhalation and other routes of exposure. The BP Defendants violated federal laws and/or regulations by failing to, among other things: (1) provide Mr. Prest with a safe workplace; (2) develop and implement a site safety plan and educate Mr. Prest of the same; and (3) provide Mr. Prest with the proper clothing and PPE.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

9. All of the above has resulted in serious illness for Mr. Prest, including but not limited to "blinding" eye injury, skin injuries, respiratory, neurological damages, stress medications and other long term health effects not known at this time.

**ANSWER:**  The BP Parties deny that any of Plaintiff's symptoms resulted from exposure to crude oil or dispersants. The BP Parties lack knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

10. The BP Defendants were negligent in causing the fire and explosion and the uncontrolled release of massive amounts of oil, chemicals and gasses, resulting in injuries and damages to plaintiffs.

**ANSWER:**  The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355).  The BP Parties deny any remaining allegations of this paragraph.

11. The incident forming the subject matter of this litigation occurred through no fault of plaintiff, but instead, as a direct result of the negligence and fault of the BP Defendants as well as their employees, agents and/or servants for which they are responsible. Plaintiff asserts a cause of action against the BP Defendants under the general maritime law, Oil Pollution Act and the Clean Water Act. Plaintiff asserts these causes of action against the BP Defendants and their employees, agents and/or servants for which they are responsible in one or more of the following nonexclusive respects:

(a) Failure to prevent the Deepwater Horizon explosion and subsequent oil spill;

(b) Failure to timely stop the oil and other toxins from leaking from the well being serviced by the Deepwater Horizon and into the Gulf of Mexico at substantial amounts;

(c) Failure to properly and timely clean-up the oil and other toxins from the Gulf of Mexico;

(d) Failure to utilize proper and safe products in its attempt to clean up the oil and other toxins from the Gulf of Mexico;

(e) Failure to take the necessary and reasonable steps to protect the health and welfare of plaintiff and other persons working and living in close contact with the toxic chemicals;

(f) Negligent, improper and unsafe use and control of the equipment aboard the vessel;

(g) Failure to enforce the use of safety equipment including, but not limited to the failure to use of respirators while working around the toxic materials;

(h) Failure to properly investigate and conduct an adequate job risk analysis to recognize the danger of working in this general area following this explosion and oil spill;

(i) Failure to properly inspect and warn plaintiff und others of the hazards present during these operations including but not limited to the dangers of exposure to the toxic materials;

(j) Failure to properly train personnel in the use of respirators and other safety equipment aboard the vessel;

(k) Failure to provide plaintiff with a reasonably safe place to work;

(l) Failure to adequately supervise operations aboard the vessel;

(m) Failure to provide and ensure reasonable communication between the persons working aboard the vessel;

(n) Failure to provide adequate safety training guidelines and proper safety precautions to plaintiff and others;

(o) Failing to have an adequate and safe method for accomplishing the task during which plaintiff was injured; and

(p) Other negligent acts and/or omissions to be shown at the trial of this matter.

**ANSWER:**  The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355). The BP Parties deny any remaining allegations of this paragraph.

12. All of the above stated actions and inactions of the BP Defendants set forth in this Complaint are violations of the General Maritime Law, the Oil Pollution Act, the Clean Water Act and applicable state law.

**ANSWER:** The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355). The BP Parties further state that the MDL No. 2179 Court dismissed state law claims as being preempted by maritime law in its Order and Reasons As to Motions to Dismiss the B3 Master Complaint (Rec. Doc. 4159). The BP Parties deny any remaining allegations of this paragraph.

13. In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Plaintiff were caused by the acts and/or omissions of the BP Defendants that are beyond proof by the Plaintiff but which were within the knowledge and control of the BP Defendants, there being no other possible conclusion that the fire, explosion sinking and oil resulted from the negligence of the BP Defendants. Furthermore, the fire, explosion, sinking and the resulting oil spill would not have occurred had the BP Defendants exercised the high degree of care imposed on them and Plaintiff therefore, plead [sic] the doctrine of res ipsa loquitur.

**ANSWER:** The BP Parties state that the MDL No. 2179 Court has made rulings regarding fault for the *Deepwater Horizon* spill and other issues in its Findings of Fact and Conclusion of Law for the Phase One Trial (Rec. Doc. 13355). The BP Parties deny any remaining allegations of this paragraph.

14. As a result of said accident, Plaintiff sustained severe physical and mental injuries as stated above and plaintiff seeks the following damages in connection with his injuries:

(a) Past and future lost/impaired wages, income, earning capacity and employment related benefits;

(b) Past and future physical pain and suffering, disability and disfigurement;

(c) Past and future mental and emotional pain and suffering, as well as the loss of enjoyment of life;

(d) Past and future medical, custodial and rehabilitation expenses;

(e) Punitive damages;

(f) Past and future maintenance, cure and found; and

(g) Additional damages to be shown at the trial of this matter.

**ANSWER:** The BP Parties deny the allegations of this paragraph.

15. Nothing Plaintiff did or failed to do caused or contributed to the above described accident and the resulting injuries.

**ANSWER:** The BP Parties deny the allegations of this paragraph.

16. Plaintiff seeks punitive damages under maritime law and/or alternatively, under state law on the grounds that the wrongful conduct of the BP Defendants has been wanton, reckless and in gross disregard for the safety and health of the plaintiff. Plaintiff therefore, seeks punitive damages against said BP Defendants to punish them for their gross disregard for safety and health of the plaintiff.

**ANSWER:** The BP Parties admit that Plaintiff purports to bring certain claims, but denies that

Plaintiff can recover for any claims.  The BP Parties state that the MDL No. 2179 Court held in its

Findings of Fact and Conclusions of Law for the Phase One Trial (Rec. Doc. 13355) that the BP

Parties could not be liable for punitive damages under general maritime law for the loss of well

control, the ensuing explosion and fire, the sinking of the *Deepwater Horizon*, or the initiation of

the release of oil from well.  The BP Parties further state that the MDL No. 2179 Court dismissed

state law claims as being preempted by maritime law in its Order and Reasons As to Motions to

Dismiss the B3 Master Complaint (Rec. Doc. 4159).   The BP Parties deny any remaining

allegations of this paragraph.

17. Defendants' misconduct caused Plaintiff to be exposed to disastrous levels of crude oil vapors, natural gas, dispersants and other gasses and chemicals ("harmful substances"). Not only is this the largest oil spill in the country's history, but it is also believed to be the largest use of dispersants ever.

**ANSWER:** The BP Parties deny that any of plaintiff's symptoms resulted from exposure to crude oil or dispersants.  The BP Parties lack knowledge or information sufficient to form a belief about any remaining allegations of this paragraph, and therefore deny them.

18. The exposure to these harmful substances was compounded exponentially by the burning technique employed by the BP Defendants as a remediation method. Upon information and belief, exposure to the substances creates an unreasonable risk of harm because it creates an exposure to the following nonexclusive list of one or more components and or by-products: (1) aromatic hydrocarbons; (2) straight chained hydrocarbons; (3) benzene rings; (4) polycyclic; aromatic hydrocarbons; (5) crude oil constituents; (6) heavy metals; (7) naphthalene; (8) benzopyrene diolepoxide; (9) 2-butoxyethanol; and (10) numerous other dangerous substances.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

19. The BP Defendants knew or should have known that exposure to these substances in these amounts created an unreasonable risk of health to Plaintiff.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

20. At all material times, Plaintiff was unaware and had no reasonable way to know or realize that his significant exposure to these substances created an unreasonable risk of harm. As a proximate result of his exposure, plaintiff suffered significant injuries as set forth herein as well as a significantly increased risk of contracting a serious latent disease and/or medical condition, including but not limited to the following: scrotal cancer, esophageal cancer, stomach cancer, lung cancer, intestinal cancer, kidney cancer, bladder cancer, leukemia, lymphoma, skin cancer, brain cancer, synovial sarcoma, breast cancer, laryngeal cancer.

**ANSWER:**   The BP Parties deny the allegations of this paragraph.

21. Plaintiff's risk of contracting a serious latent disease is greater than (a) the risk of contracting the same disease had he had not been exposed and (b) the chances of members of the public at large developing the disease.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

22. A monitoring procedure exists that makes the early detection of the disease possible. Many of the environmental diseases from toxic exposure are chronic in nature and may take years to develop. Clinical warning signs can be utilized to prevent the development of the disease. Some diseases can be reversed if detected early enough. When the environmental disease cannot be prevented, early detection can affect the disease process such that proper treatment

may be received early for the best results. The objective of medical surveillance is to detect the development of a disorder while the disorder is still subclinical (without symptoms). The monitoring procedure can be prescribed by a qualified physician and is reasonably necessary according to contemporary scientific principles. The development of abnormal laboratory tests during medical surveillance may provide a warning signal of developing disease or malignancy.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

23. The monitoring regime would be different from that normally recommended in the absence or exposure. Procedures may include, but may not be limited to the evaluation of hematological, clinical chemistry urinalysis, occult blood and immunological parameters.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

24. There is demonstrated clinical value in the early detection and diagnosis of the disease. Combined with physician evaluation and additional medical monitoring procedures, early diagnosis provides successful treatment, prevention of loss of life and reduction in pain and suffering and health care costs.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

25. Plaintiff is entitled to prejudgment interest on damages from the date of loss. Also any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff seeks interest from the date of judicial demand or, in the alternative, the date of judgment.

**ANSWER:**  The BP Parties deny the allegations of this paragraph.

26. Plaintiff is entitled to and requests a trial by jury on all issues raised in this complaint. WHEREFORE, Plaintiff, KIRK PREST, prays that Defendants, BP EXPLORATION & PRODUCTION INC., B.P AMERICA PRODUCTION COMPANY and BP P.L.C., be served with a copy of this lawsuit and that after a trial by jury and all due proceedings, there be judgment rendered in favor of the plaintiff plus all due interests and costs. Plaintiff also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

**ANSWER:** The BP Parties state that this paragraph states legal conclusions to which no response is required.  To the extent that a response is required, the BP Parties deny the allegations of this paragraph.

## <u>AFFIRMATIVE DEFENSES</u>

The BP Parties raise the following affirmative defenses and other defenses.  The BP Parties do not concede that they bear the burden of production or proof for any of these defenses or any element of Plaintiff's claims.

### FIRST DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint violates Federal Rules of Civil Procedure 8 and 12 by being vague, ambiguous, and/or conclusory and thus (1) not providing the BP Parties with fair notice of what the claims are and the grounds upon which those claims rest and (2) not allowing the BP Parties to reasonably prepare a response to the Complaint.

### THIRD DEFENSE

All or some of Plaintiff's claims may be barred, preempted, and/or precluded by applicable law including, but not limited to, Orders, Judgments, and/or Decisions of the MDL No. 2179 Court, including claims that are barred and cannot be maintained under the law of the case because the MDL No. 2179 Court previously dismissed those claims.

### FOURTH DEFENSE

As the MDL No. 2179 Court held in its Order and Reasons As to Motions to Dismiss the B3 Master Complaint at 5 (Rec. Doc. 4159), maritime law preempts all state law claims that are or may be asserted in this action, including Plaintiff's paragraphs 12 and 16.

**FIFTH DEFENSE**

As the MDL No. 2179 Court held in its Findings of Fact and Conclusions of Law for the Phase One Trial at 143 (Rec. Doc. 13381-1), BP p.l.c. is not liable under general maritime law. Accordingly, BP p.l.c. is not a proper defendant in this case.

**SIXTH DEFENSE**

Non-maritime law claims asserted in this Complaint, if any, are barred under the doctrines of claim or issue preclusion (res judicata or collateral estoppel) or law of the case.

**SEVENTH DEFENSE**

All or some of Plaintiff's claims may be barred by applicable statutes of limitations and repose.

**EIGHTH DEFENSE**

All or some of Plaintiff's claims are barred by Plaintiff's assumption of risk.

**NINTH DEFENSE**

Plaintiff cannot establish general causation or specific causation between Plaintiff's alleged injuries or damages and any omissions, acts, or conduct of the BP Parties.

**TENTH DEFENSE**

Plaintiff's damages or injuries, if any, were caused by an occurrence and/or accident that was unforeseeable by the BP Parties and for which the BP Parties cannot be held legally responsible.

**ELEVENTH DEFENSE**

Any alleged negligence or other supposed culpable conduct by the BP Parties, which the BP Parties specifically deny, was not the proximate cause or sole proximate cause of Plaintiff's

alleged injuries or damages, and there is no causal connection between the acts complained of and the injuries and damages alleged.

## TWELFTH DEFENSE

Plaintiff's alleged damages or injuries, if any, were caused or contributed to by acts and/or omissions that constitute independent, intervening and/or superseding causes for which the BP Parties are not legally responsible, and which preclude any finding of liability against the BP Parties.

## THIRTEENTH DEFENSE

In accordance with *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830 (1996), one or more superseding and/or intervening causes—including, but not limited to, medical conditions that pre-existed and/or were unrelated to BP's alleged acts—preclude any finding of liability for damages on the part of the BP Parties.

## FOURTEENTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by the contributory or comparative negligence of other individuals, entities, or vessels, including Plaintiff's own contributory or comparative negligence.

## FIFTEENTH DEFENSE

The injuries allegedly sustained by Plaintiff occurred as a result of alternative causes, including but not limited to medical conditions, causes, or injuries which are unrelated to activities of the BP Parties, and the existence of these alternative causes (such as preexisting or other medical conditions, causes, or injuries) are a bar to and/or mitigating factor to any recovery sought herein.

**SIXTEENTH DEFENSE**

The BP Parties state that the alleged injuries complained of, if any, were caused by Plaintiff's own negligence and recovery is thus barred. Alternatively, the BP Parties state that the alleged injuries and damages were caused by the comparative negligence and/or fault of Plaintiff.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled under the law to the damages that Plaintiff seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages among different causes.

**EIGHTEENTH DEFENSE**

As the MDL No. 2179 Court held in its Findings of Fact and Conclusions of Law for the Phase One Trial at 142 (Rec. Doc. 13381-1), the BP Parties cannot be held liable for punitive damages under general maritime law.  Additionally, pursuant to the MDL No. 2179 Court's Case Management Order for the B3 Bundle (Rec. Doc. 26924), any punitive damage claims in this case have been bifurcated from all other issues in this case, and there shall be no discovery, motion practice, or other litigation respecting punitive damages issues unless and until the Plaintiff in this case is adjudged entitled to compensatory damages on the Plaintiff's claim.

**NINETEENTH DEFENSE**

Plaintiff's damages are barred, in whole or in part, by a failure to mitigate damages.

**TWENTIETH DEFENSE**

The BP Parties cannot be held liable for any damages resulting from or caused by actions taken pursuant to federal, state, or local government control, direction, delegation, or authorization.

## TWENTY-FIRST DEFENSE

The BP Parties may not be held liable for any damages resulting from or caused by the actions of any BP Parties to the extent such damages were exacerbated by federal, state, or local government actions.

## TWENTY-SECOND DEFENSE

The BP Parties state that, at all times relevant, they complied with applicable laws, regulations, standards, as well as with any directions/instructions of the Unified Command, and that its actions were consistent with the National Contingency Plan.

## TWENTY-THIRD DEFENSE

Each BP Party may be held liable only for damages resulting from its own conduct and may not be held liable derivatively for the conduct of any other entity.

## TWENTY-FOURTH DEFENSE

The BP Parties cannot be held liable for damages resulting from or caused by the BP Parties' subcontractors or other parties, as the actions of independent contractors cannot be imputed to the BP Parties.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of release.

## TWENTY-SIXTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced by any prior payment to and/or release of liability from Plaintiff who received funds through the BP claims process, the Gulf Coast Claims Facility, or the claims process to be conducted under any settlement agreement.

14

Furthermore, any settled claims accompanied by any sort of releases of rights against the BP Parties may no longer be maintained.

### TWENTY-SEVENTH DEFENSE

To the extent the BP Parties are found liable to Plaintiff for any damages or injuries, the BP Parties are entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

### TWENTY-EIGHTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contractual or other indemnity from other parties or entities.

### TWENTY-NINTH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to contribution from other parties or entities.

### THIRTIETH DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to subrogation from other parties or entities.

### THIRTIETH-FIRST DEFENSE

To the extent that the BP Parties are found liable to Plaintiff for any damages, the BP Parties are entitled to a set-off or other equitable reduction in liability for any compensation paid by the BP Parties or other parties or entities, including but not limited to workers' compensation payments.

### THIRTY-SECOND DEFENSE

The BP Parties reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

Dated: June 11, 2021                    Respectfully submitted,

*/s/ Robert B. McNeal*
R. Keith Jarrett (Bar #16984)
(rkjarrett@liskow.com)
Robert B. McNeal T.A. (Bar #14211)
(rbmcneal@liskow.com)
Charles B. Wilmore (Bar #28812)
(cbwilmore@liskow.com)
Devin Reid (Bar #32645)
(dcreid@liskow.com)
Cherrell Simms Taplin (Bar #28227)
(cstaplin@liskow.com)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax No. (504) 556-4108

Rebecca M. Guidry (Bar # 38538)
(rguidry@liskow.com)
**LISKOW & LEWIS**
822 Harding Street
P.O. Box 52008
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Fax No. (337) 267-2399


A. Katrine Jakola, P.C.
(katie.jakola@kirkland.com)
Martin L. Roth, P.C.
(rothm@kirkland.com)
Kristopher Ritter
(ritterk@kirkland.com)
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000

*Counsel for BP Exploration & Production Inc.,*
*BP America Production Company, and BP p.l.c.*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 11, 2021 a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by hand delivery, facsimile, electronic transmission, or United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Robert B. McNeil*

Robert B. McNeil